IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LEE BIRGE, #R33533,<br><br>                          Plaintiff,<br><br>v.<br><br>SANTOS VENERIO, and LANA NALEWAJKA,<br><br>                          Defendants. | Case No. 20-cv-00769-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Brian Lee Birge, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Birge claims that he has been provided inadequate medical treatment for his back problems and associated pain since his arrival at Centralia in 2017. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

---

[1] The Court has jurisdiction to screen Birge's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Page 1 of 7

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Birge alleges that he suffers from a serious medical disability due to issues with his back. (Doc. 1, p. 5; Doc. 1-1, pp. 8-30).[2] Upon his arrival at Centralia in March 2017 he explained to Dr. Santos Venerio and Lana Nalewajka, the health care administrator, his medical disability regarding his back. Birge also had his medical records detailing his previous three surgeries mailed to the facility to help with his care. Despite this information, Birge has not been sent to a surgical specialist or a pain management specialist. It has been three years, and he is still not receiving proper treatment, he continues to experience chronic pain, and his condition is worsening.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Venerio and Nalewajka regarding treatment for Birge's back and associated pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

---

[2] Because it appears that Birge is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass*, 886 F.3d 639, 644 (7th Cir. 2018).

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court finds that Birge has stated a viable claim against Dr. Venerio and Nalewajka for deliberate indifference to his back condition and associated pain, and Count 1 survives screening. *See Thompson v. Godinez*, 561 F. App'x 515, 518 (7th Cir. 2014) (finding that the plaintiff's back pain constituted a serious medical condition).

### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Birge has been granted pauper status (Doc. 9) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) is denied as moot.

### MOTION FOR RECRUITMENT OF COUNSEL

Birge has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). As a litigant in a civil case, Birge has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Of course, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt*, 503 F.3d at 654 (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). Determining whether to appoint counsel is a two-prong inquiry. *Pruitt*, 503 F.3d at 655. The threshold question is whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the court consider the second prong, i.e., whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655. When assessing if a litigant is competent to litigate a case on his own, the Court considers "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently ligate the case." *Pennewell v. Parish*, 923 F. 3d 486,

490 (7th Cir. 2019). Specifically, the Seventh Circuit has pointed out that "cases involving complex medical issues are difficult for *pro se* litigants, 'particularly. . . where a prisoner has received at least *some* medical treatment, because he must show a substantial departure from accepted professional judgement, practice, or standards, and medical evidence is often required to prove this aspect of his claim." *Id.* (quoting *James v. Eli*, 889 F. 3d 320, 328 (7th Cir. 2018) (internal quotations and citations omitted)).

In the Motion for Recruitment of Counsel (Doc. 3), Birge states that he has written several attorneys and he has only received responses from two declining representation. He has included copies of the declination letters. Accordingly, Birge appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Birge indicates that he only has a grade school level of education and is unable to write without the assistance of a dictionary. Given his education level and the nature of his medical claims, the Court deems it both appropriate and necessary to recruit an attorney to represent Birge. Between the Complaint and the attached grievances, Birge has managed to state a viable claim for deliberate indifference, but based on his initial pleadings it is clear that he will have a difficult time pursuing his claims going forward. Therefore, the Motion is granted.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Dr. Venerio** and **Nalewajka.**

The Clerk of Court shall prepare for **Dr. Venerio** and **Nalewajka:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Birge. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.** Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS FURTHER ORDERED** that the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as moot**. The Motion for Recruitment of Counsel (Doc. 3) is **GRANTED**. For the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Philip J. Mackey** of Lewis Rice LLC, is **ASSIGNED** to represent Brian Lee Birge in this civil rights case. On or before **December 8, 2020**, assigned counsel shall enter his appearance in this case. Attorney Mackey is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Birge, explaining that an associate may also be working on the case. Birge should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to attorney Mackey. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Birge **shall not** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Birge, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Birge and his counsel are **ADVISED** that, because Birge is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay

attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Birge's contact information is:

> **BRIAN LEE BIRGE, #R33533**
> **Centralia Correctional Center**
> 9330 Shattuc Road
> P.O. Box 7711
> Centralia, IL 6281

**IT IS SO ORDERED.**

DATED:   November 24, 2020

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**