IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LEE BIRGE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-769-RJD |
| | ) |
| VENERIO SANTOS, M.D., LANA NALEWAJKA, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) |
| | ) |
|        Defendants. | |

# ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 92). Defendants Santos and Wexford filed a Response (Doc. 95). As explained further, Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff, an inmate of the Illinois Department of Corrections (IDOC), filed this suit pursuant to 42 U.S.C. §1983 (Docs. 1, 47). Plaintiff alleges that Dr. Venerio Santos and Lana Nalewajka were deliberately indifferent to his severe back pain at Centralia Correctional Center (Docs. 1, 47). In his First Amended Complaint, Plaintiff also brought a claim against Wexford Health Sources, Inc. ("Wexford"), a company that contracts with IDOC to provide medical treatment of IDOC inmates (Doc. 47).

The first Scheduling Order entered in this case set a deadline of April 22, 2021 for Plaintiff to file a motion for leave to amend his complaint (Doc. 34). Plaintiff filed his first Motion for Leave to Amend Complaint on April 22, 2021 (Doc. 44). In the meantime, the Court entered a

Second Scheduling Order that set a deadline for February 7, 2022 to complete discovery on the merits of Plaintiff's claims (Doc. 43).

Plaintiff filed a Motion for Preliminary Injunction on July 29, 2021, contending that Defendants had repeatedly delayed treatment necessary to alleviate (at least somewhat) his severe back pain. Seven months prior, Dr. Jodi Pelegrin (not a defendant) had ordered that Plaintiff be given a "walker preferably with a seat". Plaintiff asked that the Court order Defendants to schedule and facilitate a visit for him with a pain management physician, Dr. Hugh Berry. The Court held an evidentiary hearing on September 21, 2021 and ultimately granted the motion, entering the following preliminary injunction on September 30, 2021:

> Defendants are ORDERED to schedule and facilitate an appointment with Dr. Berry (or another pain management physician who practices with Dr. Berry). The appointment shall take place within 30 days of the date of this Order. If Dr. Berry (or another pain management physician who practices with Dr. Berry) has no available appointments within 30 days of the date of this Order, Defendants shall schedule and facilitate an appointment for Plaintiff on Dr. Berry's (or another pain management physician who practices at his clinic) first available date. Defendants shall provide a Notice to the Court that advises the Court of the outcome of that appointment, i.e., whether the doctor provided an injection for Plaintiff or otherwise recommended further treatment. Defendants are further ORDERED to arrange for a physician who is treating patients within the IDOC to evaluate Plaintiff for a walker for him to use at Centralia Correctional Center within 15 days of the date of this order. Defendants shall provide a Notice to the Court that advises the Court of the results of that evaluation.

(Doc. 81). Defendants subsequently filed their Notices of Compliance, informing the Court that Plaintiff was provided a walker and saw Dr. Berry on October 13, 2021. Dr. Berry recommended a "trial of Gabapentin and a seated walker with wheels" and a "follow-up with neurosurgery" if Plaintiff's condition did not improve.

Plaintiff's proposed second amended complaint contains claims against three new parties:

Percy Myers, M.D., Sergeant Joshua Moseley, and unknown IDOC staff. Plaintiff alleges that he was provided with a walker, but no physician evaluated him for a walker (as the Court ordered). Moreover, the walker is large, heavy, bulky, and has no wheels or a seat. Dr. Percy Myers prescribed gabapentin to Plaintiff, but discontinued all of Plaintiff's other pain medication. Plaintiff describes another incident at Centralia where he asked for his pain medication, and Sergeant Moseley told him he would not be "getting the f****** medication." Sergeant Moseley then ordered Plaintiff into the hallway and slammed the cell door into him. Plaintiff laid down on the floor and Sergeant Moseley kneeled on his back to place handcuffs on him, further exacerbating Plaintiff's back pain.

Two days later, Plaintiff was transferred to Pinckneyville Correctional Center where unknown staff told him to plead guilty to assaulting Sergeant Moseley or he would be "lost in seg." Plaintiff pleaded guilty, spent 14 days in segregation, and was then released to general population. At Centralia, Plaintiff was housed in the healthcare unit where he was able to sleep on a gel mattress to alleviate his back pain. He has not been given a gel mattress at Pinckneyville, or several other accommodations that were made for his back pain at Centralia. Plaintiff's proposed second amended complaint contains the following new claims:

> Count III:   Deliberate indifference by Dr. Percy Myers
>
> Count IV:    Excessive use of force by Defendant Moseley
>
> Count V:     Retaliation by Wexford, Myers, Moseley, and unknown staff

## Discussion

Federal Rule of Civil Procedure 16 requires the Court to issue Scheduling Orders as "soon as practicable" and those Scheduling Orders must include a deadline for amended pleadings. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Once the deadline expires, a party

may still be allowed to file an amended pleading if the party can establish that good cause exists for allowing the amendment after the deadline. *Id*. at 719-20.  In this case, Plaintiff's deadline for amending his Complaint was April 22, 2021, but the new allegations in the proposed second amended complaint involve events that occurred after the April 22, 2021 deadline.  Therefore, good cause exists for allowing Plaintiff's proposed second amended complaint.

The Court then considers Federal Rule of Civil Procedure 15(a), which provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."  The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."  *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).  The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.").  A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility.  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Nothing in the record suggests that Plaintiff's proposed amendments unfairly surprise defendants, are futile, or that Plaintiff has unduly delayed this matter or acted with dilatory motive. Defendants Wexford and Santos argue that they are unfairly prejudiced because Plaintiff's proposed amendments will delay resolution of this matter.  The addition of new parties will necessarily increase the amount of time needed to prepare this case for trial, i.e., the new parties

will have to appear, file responsive pleadings, and be deposed.[1]   This argument is not entirely persuasive, however, because Defendants also explain that the parties have not taken any depositions and therefore the Scheduling Order will have to be amended to allow more time for discovery regardless of whether the Court allows Plaintiff to amend his Complaint.

Defendants Wexford and Santos further contend that Plaintiff's proposed new claims are not sufficiently related to the claims in his First Amended Complaint.   This argument is likewise not persuasive.   Plaintiff's Complaint, First Amended Complaint, and proposed second amended complaint all allege that Plaintiff has never received constitutionally adequate medical treatment for his severe back pain since he arrived at Centralia in 2017.   There was never an end and a new beginning to Plaintiff's alleged severe back pain; Defendants' alleged actions simply keep exacerbating it.   Though Dr. Santos retired and IDOC transferred Plaintiff to Pinckneyville, Defendant Wexford continues to supply the physicians who continue to allegedly disregard Plaintiff's Eighth Amendment rights.   Plaintiff's allegations in the proposed second amended complaint therefore do not create the "sort of morass' the Seventh Circuit has warned will ensue if district courts allow prisoners to bring "mishmash" complaints involving dozens of claims against dozens of defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Of course, this case could not continue indefinitely as new individuals (allegedly) continue to deny Plaintiff treatment or exacerbate his back pain.   At some point discovery must close and the case proceed to trial.   Given the lack of progress made in discovery thus far, however, Defendants have failed to establish they will be unfairly prejudiced by the amendments.   Plaintiff has sufficiently established that the claims in his proposed second amended complaint arise out of the same series of occurrences.   Fed. R. Civ. P. 20(a)(2)(A).   Plaintiff's Motion for Leave to File

---

[1] The exhaustion of administrative remedies issue will also have to be resolved.

Second Amended Complaint is therefore GRANTED.  Plaintiff shall file his Second Amended Complaint on or before 2/24/2022.

The Warden of Centralia Correctional Center is a party solely for the purpose of carrying out injunctive relief.  Because Plaintiff has transferred to Pinckneyville Correctional Center, the Clerk of Court is directed to terminate the Warden of Centralia Correctional Center as a party in this matter.

On or before March 25, 2022, Plaintiff shall file a Motion to Substitute the John Doe Defendants with their specific names.

**IT IS SO ORDERED.**

**DATED: February 22, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**