IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN LEE BIRGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-769-RJD |
| | ) |
| VENERIO SANTOS, M.D., LANA | ) |
| NALEWAJKA, and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion "to Exclude Untimely Disclosure of Experts by Defendants Wexford Health Sources, Inc., and Dr. Venerio Santos." Doc. 182. Defendants Santos and Wexford Health Sources, Inc. ("Wexford") filed a Response (Doc. 183) and Plaintiff filed a Reply (Doc. 184). As explained further, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**Procedural History**

Plaintiff, an inmate of the Illinois Department of Corrections (IDOC), filed this suit pro se and in forma pauperis pursuant to 42 U.S.C. §1983 on August 7, 2020. Doc. 1. Plaintiff alleged that Dr. Venerio Santos and Lana Nalewajka were deliberately indifferent to his severe back pain at Centralia Correctional Center ("Centralia"), violating Plaintiff's Eighth Amendment rights. *Id*. On November 24, 2020, the undersigned recruited counsel to represent Plaintiff. The Court granted Plaintiff leave to file an Amended Complaint on May 28, 2021, naming Wexford Health Sources, Inc. ("Wexford"), a company that contracts with IDOC to provide medical treatment of

IDOC inmates (Doc. 47).     Plaintiff alleged that Wexford maintains policies and/or practices that resulted in the delay or denial of his necessary medical treatment.  *Id*.  Plaintiff filed a Motion for Preliminary Injunction on July 29, 2021 regarding his medical treatment at Centralia; the Court granted the motion on September 30, 2021.   Doc. 81.

The parties had 10 months to conduct discovery on the merits of Plaintiff's claims (from April 6, 2021 through February 7, 2022).   Docs. 43, 99.   On February 22, 2022, Plaintiff was again granted leave to amend his Complaint, naming additional defendants and bringing new claims.  Doc. 99.    The new defendants appeared and filed Motions for Summary Judgment on the issue of administrative remedy exhaustion; the Court dismissed the new parties and the new claims without prejudice for Plaintiff's failure to exhaust his administrative remedies.   The Court then entered an Amended Scheduling Order, setting a discovery deadline of August 11, 2023 and advising the parties that "given the age of the case…motions to amend this Scheduling Order will be disfavored."  Doc. 167.   The discovery deadline of August 11, 2023 allowed the parties 19 total months to complete discovery (10 months in 2021-2022, 9 months from 2022-2023).

Plaintiff served written discovery on the Wexford Defendants (Wexford and Dr. Santos) on April 28, 2023.  Defendants responded on June 12, 2023.  On July 14, 2023, the Wexford Defendants filed a Motion for Extension of Time to conduct discovery, noting that no depositions had been taken and requesting 120 more days.  Doc. 175.  The Wexford Defendants also informed the Court that they needed more time to respond to Plaintiff's written discovery.  Doc. 175.  They did not, however, inform the Court that they needed more time to retain an expert and/or to allow Plaintiff the opportunity to depose their expert.  The Court granted the Wexford Defendants' motion in part, recognizing the difficulty in proceeding to trial with no deposition testimony, and allowed the parties an additional sixty days and set a discovery deadline of **October**

**11, 2023**. Docs. 176 and 177. The Court admonished the parties that this case could no longer languish and set the case for trial on March 12, 2024. *Id*.

Three more months passed. During that time, the Wexford Defendants supplemented their discovery responses. On October 11 (the final day of discovery), Plaintiff filed a Motion to Amend the Scheduling Order. Doc. 178. He informed the Court that Defendants' discovery responses were still deficient, a discovery dispute conference was necessary, and the parties still had not taken a single deposition. Prior to filing the motion, Plaintiff presented it to counsel for the Wexford Defendants; the Wexford Defendants did not object to amending the deadlines in the Scheduling Order but did not inform Plaintiff's counsel about their expert before he filed the motion. *Id*. Later that night, counsel for the Wexford Defendants disclosed a report by their retained expert, Dr. Kenneth Breger and also disclosed multiple treating physicians as non-retained experts. Doc. 182-1, p. 1. The next day, the Court granted the Motion to Amend the Scheduling Order in part, giving the parties' 30 more days to conduct discovery and warning them that no further extensions of time would be granted. Doc. 179. Trial remained set for March 12, 2024. *Id*.

**Dr. Breger**

Plaintiff now moves to exclude Dr. Breger as an expert witness, citing his untimely disclosure. The Wexford Defendants argue that they did not violate any scheduling orders (which never addressed any expert deadlines). This argument is not made in good faith. Counsel for the Wexford Defendants apparently remained silent about retaining an expert for 20 months of discovery, and then, on the date discovery closed, made an after-hours expert disclosure. Within the last five months, counsel for Wexford had two opportunities to inform the Court that they either intended or were about to disclose an expert: in their Motion to Amend the Scheduling Order (Doc.

175) or when Plaintiff filed his unopposed Motion to Amend the Scheduling Order (Doc. 178). Because counsel withheld that information, the Court issued rulings on pretrial deadlines without accounting for the time necessary for Plaintiff to depose Defendants' expert.

The Wexford Defendants also argue that their disclosure was timely under Rule 26, which provides that an expert must be disclosed "at least 90 days before the date set for trial" unless the Court *orders otherwise.* Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). According to Defendants, they could have waited to disclose their expert until December 13, 2023 (ninety days before trial, but two days after the dispositive motion deadline) because "there [wa]s no specific Order regarding expert discovery." This argument is also not made in good faith. There was no "specific Order regarding expert discovery" because Defendants never informed opposing counsel or the Court that they intended to disclose an expert. To the extent Defendants are insinuating that the Court and Plaintiff should have assumed they would disclose an expert, Eighth Amendment claims like this case do not necessarily involve expert testimony. Even Plaintiff, who has the burden of proof, may proceed without expert testimony if he can establish a "non-trivial delay in treating serious pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Moreover, the undersigned sets the *Daubert* motion deadline for the same date that dispositive motions are due. If the Court adopted the Wexford Defendants' reasoning, then Defendants would be able to disclose experts after the deadline for *Daubert* motions had passed.

An expert witness who is not timely disclosed cannot testify at trial unless the failure to timely disclose him/her is "substantially justified or harmless." Fed. R. Civ. P. 37 (c)(1). The Wexford Defendants claim that any tardiness on their part was justified because Dr. Breger's report was not ready until October 11, 2023. This argument ignores the most problematic aspect of their disclosure: that the Court had made it clear that any extension to the October 11, 2023 discovery

deadline would be minimal, if it was allowed at all, yet the Wexford Defendants allowed Plaintiff to ask the Court for an extension without mentioning their intention to disclose Dr. Breger later that evening. Defendants provide no explanation for this omission, and of course Plaintiff is prejudiced by their late disclosure. Considering the brief extension of the discovery deadline, and the amount of discovery the parties still had to complete during that time, Plaintiff's counsel (proceeding pro bono and recruited by the Court) did not have adequate time to prepare for Dr. Breger's deposition (if it occurred at all, which is not clear). Accordingly, Plaintiff's Motion to Exclude Dr. Breger's testimony in its entirety is GRANTED.

**Plaintiff's treating physicians**

Also on October 11, 2023, Defendants disclosed Defendant Dr. Venerio Santos and Dr. Percy Myers (formerly a defendant, as well as one of Plaintiff's treating physicians and employed by Wexford)) as experts pursuant to Rule 26(a)(2)(A). Defendants also "reserve[d] the right to seek opinion testimony" from Plaintiff's treating healthcare providers. Plaintiff contends that just as Dr. Breger's disclosure is untimely, so is the disclosure of Dr. Myers, Dr. Santos, and Plaintiff's other treating healthcare providers. Defendants do not address this argument, but the Court is not inclined at this time to exclude the treating physicians' opinions because Plaintiff has not shown that he was prejudiced by the disclosures. The Court granted the parties' requests for extension of time so that, *inter alia*, Plaintiff had time to depose Dr. Santos and "some of Plaintiff's treating physicians." Doc. 175, ¶14; Doc. 178, ¶9. It is unclear at this time whether any of the individuals Plaintiff deposed (or intended to depose) are the same treating physicians from whom Defendants intend to elicit opinion testimony.

The Court also presumes that Plaintiff has, for some time, anticipated Dr. Santos would give some opinion testimony at trial. The opinions Dr. Santos reached regarding Plaintiff's

condition and treatment while treating him are critical issues in this case.[1] *See Brown v. Osmundson*, 38 F. 4th 545, 559-60 (7th Cir. 2022) (internal citations omitted).   Consequently, at this time, Plaintiff has not shown that he was prejudiced by Defendants' October 11, 2023 disclosure of expert testimony from Plaintiff's treating physicians pursuant to Federal Rule of Rule 26(a)(2)(A).   These issues may be revisited in the parties' Motions in Limine and/or objections to Rule 26(a)(3) disclosures.

## Conclusion

Plaintiff's Motion to Exclude all Testimony by Dr. Kenneth Breger, Defendant's retained expert witness, is GRANTED.   Plaintiff's Motion to Exclude (Doc. 182) is otherwise DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**DATED: December 5, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] The parties submitted Plaintiff's medical records in their briefings on Plaintiff's Motion for Preliminary Injunction. Those records reflected that Dr. Santos treated Plaintiff from 2018-2019 at Centralia. Doc. 81, pp. 2-7, 9.