## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN LEE BIRGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 20-cv-769-RJD** |
| ) | |
| **VENERIO SANTOS, M.D., and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections (IDOC) and formerly incarcerated at Centralia Correctional Center ("Centralia"), filed this suit pursuant to 42 U.S.C. §1983 on August 7, 2020.  Doc. 1.   Plaintiff alleged that Dr. Venerio Santos was deliberately indifferent to his severe back pain at Centralia, violating Plaintiff's Eighth Amendment rights.   *Id*. Plaintiff later filed an Amended Complaint that included a claim against Wexford Health Sources, Inc. ("Wexford"), a company that contracts with IDOC to provide medical treatment of IDOC inmates (Doc. 47).    Plaintiff alleged that Wexford maintains policies and/or practices that resulted in the delay or denial of his necessary medical treatment.   *Id*.   Plaintiff filed a Motion for Preliminary Injunction on July 29, 2021 regarding his medical treatment at Centralia; the Court granted the motion on September 30, 2021.   Doc. 81.   Plaintiff has since transferred to Pinckneyville Correctional Center ("Pinckneyville").

This case is set for trial on March 12, 2024.   Currently pending are the parties' Motions in Limine (Docs. 193, 206, and 208).   Evidence may be excluded in limine if the movant establishes

Page 1  of  10

"that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020 (N.D. Ill. 2011).   Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial."   *Id.*, quoting *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

**Plaintiff's Motions in Limine**

1. **Evidence, testimony, or argument regarding specifics of Plaintiff's prior arrests and convictions**

    Plaintiff acknowledges that he is aware of the undersigned's typical practice in §1983 cases involving conditions of confinement to allow the jury to hear that the plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, and contends there is no reason to deviate from this practice for this trial.   Defendants have no objection, but they "may wish to question Plaintiff about his prior arrests or prisoner misconduct…..[regarding] his level of activity and severity of medical symptoms."   If Defendants intend to do so, they must address this issue with the Court out of the jury's presence prior to asking such questions.   Plaintiff's Motion in Limine No. 1 is GRANTED.

2. **Reference to Plaintiff as an "inmate," "prisoner," or "felon"**

    Defendants have no objection, but it is impractical to expect the witnesses to refrain from referring to Plaintiff as an "inmate."   Plaintiff's Motion in Limine No. 2 is GRANTED TO THE EXTENT that defense counsel shall refer to Plaintiff as "Mr. Birge" instead of "prisoner, inmate, or felon", but is otherwise DENIED.

3. **To allow Plaintiff to appear in civilian clothes without restraints and whatever means of motor assistance provided by IDOC**

    Defendants have no objection.   Plaintiff's Motion in Limine No. 3 is GRANTED to the extent Plaintiff may wear civilian clothes.   The Court will also attempt to prevent the jury from seeing any restraints on Plaintiff.   If possible, the Court will not ask Plaintiff to move from the

plaintiff's table in the presence of the jury.   The Court will otherwise defer to the Illinois Department of Corrections, the U.S. Marshals Service, and courtroom security officers regarding necessary restraints and motor assistance.

**4. Plaintiff's IDOC conduct violations**

Defendants have no objection, except to the extent that certain actions taken by Plaintiff for which he was disciplined are relevant to show that he is/was not suffering the amount of pain that he claims.   For example, Plaintiff was involved in an altercation with a corrections officer on October 23, 2021.   Defendants contend that the altercation is relevant to show that Plaintiff's activity level was inconsistent with his reports of severe pain.   The Court reviewed several documents related to the investigation of the altercation and finds that the probative value of evidence related to the altercation is minimal.   At most, Plaintiff's active involvement in the altercation involved a "chest bump" to a correctional officer.   Plaintiff's recollection of the altercation differs from the correctional officer's recollection.   Presenting the conflicting accounts of the altercation is likely to lead to a "trial within a trial" as to what happened on October 23, 2021 at Pinckneyville. The risks of confusing the issues and wasting time far outweigh the probative value of Plaintiff "chest bumping" a correctional officer.   Fed. R. Evid. 403. Plaintiff's Motion in Limine No. 4 is GRANTED.

**5. Evidence or argument that individuals or entities have been dismissed or could have been named as Defendants**
**6. Exclusion of non-party witnesses from the courtroom**

Defendants have no objection to either Motion in Limine No. 5 or No. 6; both motions are GRANTED.

**7. Expert opinions by Plaintiff's treating physicians**

Defendants disclosed Dr. Santos and Dr. Percy Myers as non-retained expert witnesses pursuant to Federal Rule of civil Procedure 26(a)(2)(C), meaning they did not provide a written

report. Doc. 182-1.   Treating physicians may offer expert opinions at trial without first disclosing a written report if their opinions are limited to observations and diagnoses made during the scope of treatment. *Meyers v. Nat'l R.R. Passenger Corp.,* 619 F.3d 729, 735 (7th Cir. 2010).

Here, Plaintiff does not argue that Drs. Santos or Myers should have provided a written report for any of their opinions; instead, he contends that they were untimely disclosed as experts and he has been prejudiced by their untimely disclosure. Defendants disclosed Drs. Santos and Myers as Rule 26(a)(2)(C) witnesses on October 11, 2023-which was one of the Court-ordered discovery deadlines in this case.   On that same date, the parties moved to extend the discovery deadline so that Plaintiff could depose Drs. Santos and Myers.   Plaintiff ultimately deposed both doctors.

Plaintiff has failed to establish that he was prejudiced by the timing of the disclosure of Drs. Santos and Myers as Rule 26(a)(2)(C) expert witnesses.   As the Court previously noted, Plaintiff can hardly be surprised that the doctors would testify as to their observations and diagnoses of Plaintiff made while they were treating him, considering that this case is about whether the treatment (or, the alleged lack thereof) Plaintiff has received for his back pain violated his Eighth Amendment Rights.   Moreover, Plaintiff has since deposed both doctors.

What is troubling to the Court-and seems to be confusing this issue-is that Defendants apparently intend to elicit opinions from Drs. Santos and Myers that Plaintiff has not yet heard (which *would* prejudice Plaintiff) and that violate Rule 26(a)(2)(B), which requires treating physicians to write a report if expected to offer opinions outside of their scope of treatment. *Id*.   For example, at the final pretrial conference, defense counsel explained that he intended to elicit testimony from Dr. Myers that would draw upon his "long career as an

anesthesiologist" and would involve "standard of care testimony about how things normally play out."  Defense counsel made a similar statement regarding Dr. Santos, except Dr. Santos apparently has a background in orthopedics.

Standard of care testimony must be disclosed by a written report. *See, e.g., Walsh v. Chez,* 583 F.3d 990, 992-94 (7th Cir. 2009)*; Pierre v. Intuitive Surgical, Inc.*, 476 F. Supp. 3d 1260, 1275 (S.D. Fla. 2020); *Davids v. Novartis Pharmaceuticals Corp.*, 857 F. Supp.2d 267, 280-81 (E.D. New York 2012); *Griffith v. Eastern Main Med. Ctr.*, 599 F. Supp.2d 59, 67 (D. Maine 2009).  Thus, while Dr. Myers and Dr. Santos may testify about their observations and diagnoses of Plaintiff, and also explain why they made treatment decisions, they may not testify regarding the standard of care because they did not author reports pursuant to Rule 26(a)(2)(B).  According, Plaintiff's Motion in Limine No. 7 is GRANTED to the extent that Dr. Myers and Dr. Santos may only offer opinions reached in the course of the treatment they provided Plaintiff.

**8.  Plaintiff's past drug use or alleged drug-seeking behavior.**

The Court takes this motion under advisement.  It is not clear whether Dr. Santos or Dr. Myers (during their course of treating Plaintiff) ever determined or were concerned about Plaintiff exhibiting drug-seeking behavior.  The parties are to submit trial briefs on this issue. As ordered at the final pretrial conference, Plaintiff's brief is due on March 1, 2024; Defendants' brief is due on March 5, 2024.

**9.  Plaintiff's mental health history**

Defendants have no objection.  Plaintiff's Motion in Limine No. 9 is GRANTED.

**Defendants' Motions in Limine**

1.  **Medical treatment provided to other inmates**

    Plaintiff objects, noting that evidence regarding other inmates' medical treatment may be relevant to his Monell claim against Wexford.   However, if Plaintiff intends to present evidence of other inmates' medical treatment, he has the burden of establishing that such evidence is relevant.   In this case, he will have to show that the care other inmates received is sufficiently similar to his in order for such evidence to be admitted to establish a pattern of Constitutional violations.   *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 656-57 (7th Cir. 2021).   Neither Plaintiff nor Defendant have provided the Court with any information regarding what evidence Plaintiff intends to introduce at trial to support his Monell claim.   If Plaintiff intends to present evidence of medical care provided to other inmates at trial, he must first make an offer of proof outside the presence of the jury.   Defendants' Motion in Limine No. 1 is TAKEN UNDER ADVISEMENT.

2.  **Defendants' insurance**

3.  **The size of Defendants' attorneys' law firm or time/cost of defense**

4.  **Settlement negotiations**

    Plaintiff does not intend to submit evidence regarding Defendants' insurance, the size of Defendants' attorneys' law firm, the cost of defense, and/or settlement negotiations. Defendants' Motions in Limine Nos. 2-4 are DENIED AS MOOT.

5.  **Wexford is a "for-profit corporation" or a "big" corporation**

    Plaintiff contends that evidence of Wexford's financial motivations is relevant in proving his Monell claim-that Wexford's financial motivations "relate to the choices of healthcare it

provides to inmates as well as delays in providing healthcare." Because the Court cannot say, at this time, that evidence regarding showing Wexford is a "for-profit" or "big" corporation is inadmissible for any purpose, Defendants' Motion in Limine No. 5 is DENIED.

### 6. Medical or technical literature

Plaintiff has no objection. Defendants' Motion in Limine No. 6 is GRANTED.

### 7. Opinion testimony from witnesses not qualified as experts

In this motion, Defendants ask the Court to prohibit Plaintiff from offering testimony that would violate Federal Rule of Civil Procedure 26 and the Federal Rules of Evidence regarding experts. Nothing in the record before the Court suggests that such an order is necessary. Defendants do not point to any particular witness or problematic testimony. Defendants' Motion in Limine No. 7 is DENIED.

### 8. Other litigation and claims against Defendants

Plaintiff argues that other litigation and claims against Defendants are relevant to his Monell claim. As previously noted, neither Plaintiff nor Defendant have provided the Court with any information regarding what evidence Plaintiff intends to introduce at trial to support his Monell claim. If Plaintiff intends to present evidence of other claims and lawsuits against Defendants, he must first make an offer of proof outside the presence of the jury. Defendants' Motion in Limine No. 8 is TAKEN UNDER ADVISEMENT.

### 9. Instruction to the jury to "send a message to Defendants" or act as the conscience of the community

Defendants ask the Court to prohibit Plaintiff from arguing that the jury should "send a message" to Defendants and act as the conscience of the community. Clearly, Plaintiff's counsel should not make *any* argument in opening statements. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996). However, the Court will determine whether Plaintiff may ask for

punitive damages prior to closing arguments.   The jury instruction for punitive damages explains that the purpose of such damages is to "serve as a…warning to Defendant and others" and directs the jurors to consider "the likelihood that Defendant[s] would repeat the conduct if an award of punitive damages is not made."   *See* Seventh Circuit Pattern Jury Instruction 7.28.   Depending on whether the jury receives this instruction, Plaintiff may be allowed to argue that the jury should "send a message."   Consequently, Defendants' Motion in Limine No. 9 is DENIED.

### 10.   Documents or other evidence not produced in discovery

It is not necessary for the Court to enter a pretrial order that directs Plaintiff's counsel to comply with the Federal Rules of Civil Procedure.   If Plaintiff's counsel attempts to introduce evidence not properly disclosed, Defendants may object at that time.   Defendants' Motion in Limine No. 10 is DENIED.

### 11.   Comparison of medical treatment in prison to treatment outside of prison

Plaintiff objects, but provides no possible explanation for how a comparison of medical treatment inside a prison to medical treatment outside of prison could be relevant.   The Court recognizes that the burden is on Defendants, as the movants, to establish that such evidence is not relevant for any purpose, but in this instance the Court will not require Defendants to prove a negative.   Defendants' Motion in Limine No. 11 is GRANTED.

### 12.   Testimony by Plaintiff regarding the "cause of injuries and medical treatment"

Defendants contend that "Plaintiff may try to testify that his claimed injuries…were caused by the conduct of Defendants."   Plaintiff is not an expert, and Defendants' Motion No. 12 is GRANTED to the extent that Plaintiff cannot offer expert opinions, e.g., that had he underwent a particular surgery he would not have experienced pain.   However, pain and discomfort are symptoms that a layperson can understand and offer testimony.   *Gil v. Reed*, 381 F.3d 649, 659

(7th Cir. 2004).   Plaintiff may testify regarding when he experienced pain, and describe his pain. Defendants' Motion in Limine No. 12 is DENIED.

**13.   Argument or reference to Defendants' failure to take responsibility for their actions**

Plaintiff objects, contending that he should be allowed to establish Defendants knew and disregarded his serious medical needs.   Defendants' Motion in Limine No. 13 is GRANTED but should not be construed as barring Plaintiff from establishing that Defendants knew about and disregarded a serious risk to Plaintiff.

**14.   Affidavits by Plaintiff or other potential witnesses**

Neither party points the Court to any affidavits that may be used by Plaintiff at trial. Defendants' Motion in Limine No. 14 is DENIED AS MOOT.

**15.   Statements made to Plaintiff about his injuries, treatment, and cause of injuries**

Defendants argue that Plaintiff cannot testify to statements made by "other inmates, healthcare providers, Wexford employees, jail or IDOC employees, or other jail and prison staff" regarding Plaintiff's injuries and medical treatment because any such statements are "inadmissible hearsay."   The Court cannot evaluate a statement to determine whether it constitutes inadmissible hearsay without knowing what the statement is, who said it, and the context of the statement. Defendants' Motion in Limine No. 15 is DENIED.

**16.   Dr. Myers' and Dr. Santos' prior disciplinary history with Wexford**

At the final pretrial conference, the parties informed the Court of specific disciplinary actions related to Dr. Myers and Dr. Santos that were disclosed in discovery.   None of those disciplinary actions have any relevancy to this case and are prohibited by Federal Rule of Evidence 404(b).   Defendants' Motion No. 16 is GRANTED.

**17.   News articles and opinion pieces**

Neither party lists any news articles, media stories, or opinion pieces in their Rule 26(a)(3) disclosures, and therefore Defendants' Motion in Limine No. 17 is DENIED AS MOOT.

**18.   The *Lippert* reports**

If Plaintiff intends to present portions of the *Lippert* Reports into evidence, he must first make an offer of proof outside the presence of the jury.   Defendants' Motion in Limine No. 8 is TAKEN UNDER ADVISEMENT.

**19.   Dr. Fisher's medical opinions or personal treatment of prior patients**

Neither party has presented any of Dr. Fisher's testimony to the Court for consideration. Defendants' Motion in Limine No 19 is TAKEN UNDER ADVISEMENT.

**IT IS SO ORDERED.**

**DATED: February 28, 2024**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**