## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN LEE BIRGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-769-RJD |
| | ) |
| **VENERIO SANTOS, M.D., and** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**DALY, Magistrate Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") and formerly incarcerated at Centralia Correctional Center ("Centralia"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. Plaintiff alleged that Dr. Venerio Santos was deliberately indifferent to his severe back pain at Centralia, violating his Eighth Amendment Rights. *Id*. Plaintiff filed an Amended Complaint that included a claim against Wexford Health Sources, Inc. ("Wexford"), a company that contracts with IDOC to provide medical treatment of IDOC inmates. Doc. 47. Plaintiff later transferred to Pinckneyville Correctional Center where he is treated by Dr. Percy Myers.

This matter comes before the Court on an evidentiary issue raised by Plaintiff in his Motions in Limine. Doc. 218. Plaintiff asked the Court to bar in limine evidence and references to his past drug use or alleged drug-seeking behavior. Doc. 193. The Court previously took this motion under advisement, noting that it was not clear whether Dr. Santos or Dr. Myers (who will also testify at trial) ever determined or were concerned about Plaintiff exhibiting drug seeking

behavior.  The parties have both filed trial briefs on this issue.  Dr. Santos testified at his deposition that he considered Plaintiff's history of "pill-seeking" and Dr. Myers noted in Plaintiff's record that 'he is only seeking narcotics."  Doc. 219, pp. 4, 6.  Consequently, the Court is satisfied that both physicians considered Plaintiff's drug seeking behavior on at least one occasion during their treatment of him.  The Court will therefore not bar in limine all references to Plaintiff's drug-seeking behavior, but defense counsel and the witnesses will not be allowed to dwell on it.  Plaintiff's Motion in Limine No. 8 is DENIED.  The Court may reconsider this ruling during trial.

**IT IS SO ORDERED.**

**DATED:**   September 6, 2024

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**